## Advertisement of Constitutional Amendments

CREAMER, Attorney General, August 11, 1972.— You have requested an opinion from the Department of Justice regarding the requirement appearing in article XI, sec. 1, of the Constitution of the Commonwealth of Pennsylvania that constitutional amend-

ments be published by the Secretary of the Commonwealth. Specifically, you wish to know whether that section will be complied with by publishing a constitutional amendment at least once during the months of August, September and October 1972, the three months prior to the next general election to be held in November 1972.

Article XI, sec. 1, states in pertinent part, as follows:

"Amendments to this Constitution may be proposed in the Senate or House of Representatives; and if the same shall be agreed to by a majority of the members elected to each House, such proposed amendment or amendments shall be entered on their journals with the yeas and nays taken thereon, and the Secretary of the Commonwealth shall cause the same to be published three months before the next general election, in at least two newspapers in every county in which such newspapers shall be published . . ."

The language of this section is not unambiguous. One interpretation of this provision could be that the Secretary of the Commonwealth must publish the amendment once at a point in time three months before the election. Another interpretation of the phrase "three months before the next general election" could be publication once a month during August, September and October, the three months preceding such election. The Supreme Court of Pennsylvania in Commonwealth v. Beamish, 309 Pa. 510, 514-15, 164 Atl. 615, 616 (1932), adopted this latter interpretation. The court there stated:

"A single publication made three months before the election is not sufficient to enable the electorate to be fully advised of the importance and nature of proposed amendments . . . In view of all the facts and circumstances, we are of opinion that publication once a month for the three months preceding the election is

more reasonable and more nearly conforms to the convention's intent, and at the same time provided adequate notice to the public.

Unless the Beamish court added a once-a-month requirement that was not originally in the text of the Constitution, the three-month period set forth in article XI, sec. 1, must refer to the times publication is required and does not specify a period before which publication must be completed.

The court in Beamish heavily relied on the underlying policy of this Constitutional provision as enunciated in Commonwealth v. King, 278 Pa. 280, 283, 122 Atl. 279 (1923). The court there stated that this section has two purposes. One is "to give the electors an abundant opportunity to be advised concerning the proposed amendment" and the other is to give the electors the opportunity "to ascertain the policy of candidates for the general assembly to be 'next afterwards chosen.'" The Beamish court determined that publication once a month for three months complies with the mandates of article XI, sec. 1, and clearly satisfies these policy goals.

The case of Tausig v. Lawrence, 328 Pa. 408, 197 Atl. 235 (1938), dealt with this section in another context. There, the court held that the term "published" did not mean the actual printing in the newspapers, but rather just the placing of the amendment in the hands of the recognized media. The question which you have asked was not directly decided.

An important element in interpreting the language of article XI, sec. 1, is the definition of the general term "month." The question is whether the drafters of the Constitution intended "month" to mean "calendar month during which a publication must be made" or "a fixed number of days before which publication must be made." The problem with interpreting the word

"month" to mean "a fixed number of days before which a publication must be made" is that elsewhere in the Constitution where an exact period is intended, the drafters stipulated an exact number of days.

Thus, in article IX, sec. 14, part of the definition of the word "initiative" is "the filing with the applicable election officials *at least ninety days prior* to the next primary or general election . . ." Moreover, in the revisions made to the Constitution in 1967, the wording of article VII, sec. 1, was changed from a number of days, i.e., two months became sixty days. (Italics supplied.)

See also, article III, sec. 7, ("notice shall be at least 30 days prior") and article II, sec. 17, ("within 45 days"; "within 30 days thereafter"; "within 15 days"; "No later than 90 days after"; "30 day period"; etc.).

I, therefore, conclude that publication of a constitutional amendment at least once during the months of August, September and October 1972, the three months prior to the next general election to be held in November 1972, complies with the language and the purpose of article XI, sec. 1, of the Pennsylvania Constitution.